IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-00018-WYD-BNB

DENISE LYONS,

Plaintiff,

v.

WM SPECIALTY MORTGAGE LLC,
COUNTRYWIDE HOME LOANS,
HANNAH NAUMOFF-DULSKI,, registration no. 37477,
LAW FIRM OF CASTLE MEINHOLD & STAWIARSKI, LLC,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on **Countrywide Home Loans, Inc. and WM Specialty Mortgage, LLC's Motion to Dismiss or for Summary Judgment** [Doc. # 12, filed 2/6/08] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED.

## I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe her pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as an advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject
> matter jurisdiction take two forms. First, a facial attack on the
> complaint's allegations as to subject matter jurisdiction questions

> the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). Rule 56(c), Fed.R.Civ.P., provides that summary judgment may be rendered if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 447 U.S. 317, 323 (1986). The party opposing the motion is then required to go beyond the pleadings and designate evidence of specific facts showing that there is a genuine issue for trial. Id. at 324. Only admissible evidence may be considered when ruling on a motion for summary judgment. World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985).

## II. UNDISPUTED MATERIAL FACTS[1]

1. On or about November 11, 2003, the plaintiff executed a note for the purpose of borrowing $184,5000.00 from Argent Mortgage Company, LLC ("Argent") to refinance property located at 3040 Oneida Street, Denver, Colorado (the "Property"). *Complaint*, ¶ 14; *Motion*, Affidavit of Victor Caponpon (final attachment), ¶ 3 and Ex. A-1.

2. The loan was secured by a deed of trust in favor of Agent Mortgage Company, LLC ("Argent") and encumbering the Property. *Complaint*, ¶ 14; *Motion*, Affidavit of Victor Caponpon, ¶ 4 and Ex. A-2.

3. On or about March 1, 2004, the loan was transferred to WM Specialty Mortgage, LLC ("WM"). *Motion*, Affidavit of Victor Caponpon, ¶ 5.

4. On or about June 1, 2006, the loan servicing was transferred to Countrywide Home Loans, Inc. ("Countrywide"). Id. at ¶ 6.

---

[1]The plaintiff attempts to dispute the defendants' statements of undisputed facts with arguments and conclusory statements. *Response to Countrywide Home Loans, Inc. and WM Specialty Mortgage, LLC's Motion to Dismiss or for Summary Judgment* [Doc. #20,, filed 3/14/08] (the "Response"), pp. 2-5). The plaintiff's arguments and conclusory statements are not sufficient to create genuine factual disputes. Celotex, 447 U.S. at 324.

5. The loan was not in default at the time it was obtained by WM or at the time servicing was transferred to Countrywide. Id. at ¶ 7.

6. After the plaintiff defaulted on the loan, the lender initiated a public trustee's foreclosure proceeding against the Property.

7. On July 23, 2007, the Denver County District Court issued an Order Authorizing Sale. *Complaint*, ¶¶ 16-17; *Motion*, Affidavit of Victor Caponpon, ¶ 8 and Ex. A-3.

8. On October 10, 2007, a public auction was held by the public trustee for the City and County of Denver. The property was sold to WM for $199,372.88. *Motion*, Affidavit of Victor Caponpon, ¶ 9 and Ex. A-4.

9. On October 25, 2007, the District Court for the City and County of Denver issued an order approving sale. Id. at ¶ 10 and Ex. A-5.

10. On October 31, 2007, the plaintiff filed a Motion for Relief Pursuant to Rule 60(b) in the District Court for the City and County of Denver. Id. at Ex. A-6.

11. The plaintiff filed her Complaint in this court on January 4, 2008.

12. On January 24, 2008, the Denver District Court denied the plaintiff's Motion for Relief Pursuant to Rule 60(b). Id. at Ex. A-7.

13. On March 4, 2008, the Public Trustee for Denver County issued a Public Trustee's Deed to WM. *Countrywide Home Loans, Inc. and EM Specialty Mortgage, LLC's Reply in Support of Their Motion to Dismiss or for Summary Judgment* [Doc. #23, filed 4/2/08] (the "Reply"), Ex. A-8.

The plaintiff seeks punitive damages; statutory damages, attorneys' fees, and costs under the Fair Debt Collection Practices Act ("FDCPA"); and a declaration that the state foreclosure was invalid and unlawful.[2]  *Complaint*, p. 12.

### III.  ANALYSIS

#### A.  Declaratory Relief

The plaintiff seeks a declaration pursuant to 28 U.S.C. § 2201 that the state foreclosure is invalid and unlawful.  *Complaint*, p. 12, ¶4.  Section 2201 "does not itself create jurisdiction. It merely adds an additional remedy when the court already has jurisdiction to entertain the suit." Groundhog v. Keeler, 442 F.2d 674, 683 (10th Cir. 1971).

An understanding of the Colorado real estate foreclosure process is necessary prior to addressing the plaintiff's request for declaratory relief.  The court in Beeler Properties, LLC v. Lowe Enterprises Residential Investors, LLC, 2007 WL 1346591 (D. Colo. May 7, 2007), set forth a summary of the process:

> In Colorado, consensual liens against real property are created by recordation of a deed of trust granted by the lender to the public trustee of the county where the property is situate. Foreclosure of such liens is a hybrid process governed by statute. The process involves issuance of orders by the state district court authorizing and confirming the sale. C.R.C.P. 120; § 38-38-105, C.R.S. However, the process of conducting the sale and the parties' rights in such process are largely administrative.
>
> Upon default, if the deed of trust so authorizes, the lender or holder of the note may direct the public trustee to sell the property at a foreclosure sale.  § 38-38-101(1), C.R.S.  The lender must also

---

[2]The plaintiff also sought damages under the Equal Access to Justice Act, 28 U.S.C. § 2412(a) and (b), against defendant Stephanie O'Malley.  *Complaint*, p.9, ¶¶ 38, 40 and p. 12, ¶ 3. Ms. O'Malley was dismissed from the case pursuant to a stipulation of dismissal by the parties [Doc. #4].

5

seek an order from the state district court authorizing the sale under Rule 120. Once a sale is authorized, the public trustee advertises and conducts the sale. § 38-38-101(4), C.R.S. The property is sold to the highest bidder who receives a Certificate of Purchase. Often, the purchaser is the holder of the deed of trust who bids all or part of the debt owed by the borrower.

FN3. The Rule 120 procedure requires notice and gives the borrower an opportunity to object to the sale. Under Rule 120(a), the holder of the note files a verified motion in the state court requesting an order authorizing the sale of the property. The clerk of the court then sets a hearing "not less than 20 nor more than 30 days after the filing of the motion[.]" C.R.C.P. 120(a). Interested persons who oppose the motion have an opportunity to respond. C.R.C.P. 120(c). After hearing, the court must "summarily" either grant or deny the motion. C.R.C.P. 120(d). If the court authorizes the foreclosure sale, it also "shall require a return of such sale to be made to the court, and if it appears therefrom that such sale was conducted in conformity with the order authorizing the sale, the court shall thereupon enter an order approving the sale." C.R.C.P. 120(g).

Prior to sale, the borrower may cure the default. After sale, the borrower and any junior lienholders may redeem the title to the property by paying, to the holder of the Certificate of Purchase, the sum for which the property was sold with interest from the date of sale, together with any taxes paid or other proper charges. See § 38-38-101 to § 38-38-103, C.R.S. Redemption thus annuls the sale. If the redemption period passes, the holder of the Certificate of Purchase may seek an order confirming the sale and obtain a Trustee's Deed.

FN4. The time for redemption depends upon the nature of the property. § 3838302, C.R.S.

Rule 120(d) expressly provides that an order authorizing the sale of property is not "an appealable order or judgment." However, a party may seek injunctive or other relief in any court of competent jurisdiction. Id.

Id. at *2.

6

The defendants assert that the plaintiff's claim is barred by the Rooker-Feldman doctrine. The Rooker-Feldman doctrine "operates as a subject-matter jurisdictional bar that may be raised at any time." Guttman v. Khalsa, 401 F.3d 1170, 1173 n.2 (10th Cir. 2005). The defendants' Rooker-Feldman argument presents a factual challenge to this court's subject matter jurisdiction. Under Holt, I do not presume the truth of the factual allegations in the Amended Complaint. Instead, I have wide discretion to allow affidavits and other documents to resolve any disputed jurisdictional facts. Holt, 46 F.3d at 1003.

The Rooker-Feldman doctrine is derived from 28 U.S.C. § 1257 which provides that federal review of state court judgments can be obtained only in the United States Supreme Court. Exxon Mobil Corp. v. Saudi Basic Indus. Corp. 544 U.S. 280, 291 (2005). The Rooker-Feldman doctrine prohibits a United States district court from considering claims that have been adjudicated in state court and claims that are inextricably intertwined with the prior state-court judgment. Guttman v. G.T.S. Khalsa, 446 F.3d 1027, 1173 (10th Cir. 2006). The doctrine "applies only to suits filed after state proceedings are final." Id. at 1032.

In Beeler, the court noted that "[g]iven the nature of the Colorado foreclosure process, it is difficult to determine" when the state proceedings are final. Id. at *2-*3. "It could be at the time of the sale, expiration of the redemption periods, upon issuance of an order confirming the sale, or upon issuance of a Trustee's Deed."[3] Id. at *3.

---

[3]The defendants, without citation to any authority, assert that "[i]n Colorado foreclosure proceedings, the issuance of a final order approving sale is an order that completely determines the rights of the parties." *Reply*, p. 3. In Beeler, as here, "[n]either party has submitted, and the Court has found no Colorado authority that sets the definitive point." 2007 WL 1346591 at *3.

The plaintiff initiated this action on January 4, 2008. At that time, the Denver County District Court had already approved the sale of the Property at public auction. *Motion*, Ex. A-5. However, the Public Trustee did not issue a Public Trustee's Deed to WM until March 4, 2008-- two months after the plaintiff filed this action. *Reply*, Ex. A-8.

Regardless of where the definitive point lies, this court cannot reach the plaintiff's request for declaratory relief. If finality of a Colorado foreclosure action occurs upon issuance of the order approving the sale, then finality of the plaintiff's state foreclosure action occurred before she filed this federal action, and the Rooker-Feldman analysis governs the plaintiff's request for declaratory relief. The plaintiff is seeking federal review and rejection of the state foreclosure action, which is precisely the type of action barred by Rooker-Feldman. See Exxon, 544 U.S. at 284 (holding that the Rooker-Feldman doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

If finality of the state foreclosure action occurred upon the issuance of the Public Trustee's Deed to WM on March 4, 2008, then the state foreclosure action became final while this action was pending. Under those circumstances, preclusion law would govern the disposition of this action. Exxon, 544 U.S. at 292-92 (stating that comity or abstention doctrines may be applicable when there is parallel ongoing state and federal litigation, but preclusion law governs once the state-court adjudication becomes complete). Federal courts must give full faith and credit to state court judgments. 28 U.S.C. § 1738 (2000); Pittsburgh County v. City of McAlester, 346 F.3d 1260, 1276 (10th Cir. 2003). The preclusive effect of a state-court decision is governed by the preclusion law of the state in which the judgment was rendered. Nichols v.

8

Board of County Comm'rs, 506 F.3d 962, 967 (10th Cir. 2007). Under Colorado law, "[c]laim preclusion works to preclude the relitigation of matters that have already been decided as well as matters that could have been raised in a prior proceeding but were not." Argus Real Estate, Inc. v. E-470 Pub. Highway Auth., 109 P.3d 604, 608 (Colo. 2005). For claim preclusion to apply, the following elements must exist: "(1) finality of the first judgment, (2) identity of subject matter, (3) identity of claims for relief, and (4) identity or privity between parties to the actions." Id. With regard to the first element, I assume for purposes of this analysis that the issuance of a Trustee's Deed constitutes finality. Because this action (a) involves the same loan, deed of trust, and property as the state action; (b) seeks a declaration that the state foreclosure action is void; and (c) involves the same lender and loan service company, the remaining elements are met. Therefore, to the extent issuance of a Trustee's Deed constitutes finality of the state foreclosure action, claim preclusion bars the plaintiff from relitigating the foreclosure action in this court.[4]

If finality of the state foreclosure adjudication has not yet occurred, this court must abstain under the rule of Younger v. Harris, 401 U.S. 37 (1971). Younger abstention provides as follows:

> Under the Younger abstention doctrine, federal courts should not interfere with state court proceedings by granting equitable relief--such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings--when a state forum provides an adequate avenue for relief. Younger abstention is non-discretionary; the district court must abstain once the conditions are met, absent extraordinary

---

[4] I am aware that claim preclusion is an affirmative defense. Fed.R.Civ.P. 8(c). The defendants did not assert preclusion in their Motion. However, because I cannot determine when a Colorado foreclosure action is final for purposes of the defendants' Rooker-Feldman argument, in the interests of thoroughness and judicial economy, I address all possible points of finality and apply the appropriate analysis for each.

9

> circumstances. As [the] court stated in Amanatullah [v. State Bd.
> Of Medical Examiners, 187 F.3d 1160 (10th Cir. 1999)]:
>
> A federal court must abstain from exercising jurisdiction when:
> (1) there is an ongoing state criminal, civil, or administrative
> proceeding, (2) the state court provides an adequate forum to hear
> the claims raised in the federal complaint, and (3) the state
> proceedings "involve important state interests, matters which
> traditionally look to state law for their resolution or implicate
> separately articulated state policies.

Weitzel v. Div. Of Occupational and Professional Licensing, 240 F.3d 871, 875 (10th Cir. 2001)(internal citations omitted).

I agree with and adopt the court's conclusion in Beeler that "[a]ctions that challenge the Rule 120 order and process are proceedings involving important state interests concerning title to real property located and determined by operation of state law." Beeler, 2007 WL 1346591 at *1. See also Memphis Street, LLC v. Lowe Enterprise Residential Investors, LLC, 2007 WL 1456067 (D. Colo. May 15, 2007).

Thus, regardless of whether the state foreclosure process reached finality before, during, or after the plaintiff filed this action, she cannot assert her request for declaratory relief in this court. I respectfully RECOMMEND that the plaintiff's request for declaratory relief be DENIED.

### B. FDCPA Claims

The plaintiff also seeks damages under the FDCPA. The FDCPA applies only to debt collectors. 15 U.S.C. § 1692. A debt collector is generally defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Id. at § 1692a(6). The

10

FDCPA excludes from the definition of debt collector "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was *not in default* at the time it was obtained by such person . . . ." Id. at § 1692a(6)(F)(iii) (emphasis added).

It is undisputed that the loan was not in default at the time it was obtained by WM or at the time the loan servicing was transferred to Countrywide. Therefore, WM and Countrywide are not debt collectors under the FDCPA, and the plaintiff may not assert FDCPA claims against them. 15 U.S.C. § 1692a(6)(F)(iii); Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985).

I respectfully RECOMMEND that the Motion be GRANTED to the extent it seeks summary judgment in favor of the defendants on the plaintiff's FDCPA claims.[5]

### IV. CONCLUSION

I respectfully RECOMMEND that Countrywide Home Loans, Inc., and WM Specialty Mortgage, LLC's, Motion to Dismiss or for Summary Judgment be GRANTED and that summary judgment enter in their favor on the plaintiff's FDCPA claims.

I FURTHER RECOMMEND that the plaintiff's request for declaratory relief be DISMISSED for the reasons discussed above.

---

[5] The defendants argue that the foreclosure of a mortgage or deed of trust to real property is not "debt collection" under the FDCPA. *Motion*, pp. 8-10, relying on Hulse v. Ocwen Federal Bank, FSB, 195 F.Supp.2d 1188, 1204 (D. Or. 2002) and other district court opinions. There is no Tenth Circuit authority on this subject, however, and there are conflicting district and appellate court opinions on the matter. Because I find that the defendants are entitled to summary judgment on other grounds, I decline to address this argument. See Ray v. International Bank, Inc., 2005 WL 2305017, at *3 (D.Colo. Sept. 21, 2005).

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); <u>Thomas v. Arn</u>, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. <u>In re Key Energy Resources Inc.</u>, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated June 27, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge