IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-00018-WYD-BNB

DENISE LYONS,

Plaintiff,

v.

WM SPECIALTY MORTGAGE LLC,
COUNTRYWIDE HOME LOANS,
HANNAH NAUMOFF-DULSKI,, registration no. 37477,
LAW FIRM OF CASTLE MEINHOLD & STAWIARSKI, LLC,

Defendants.
_____

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me on **Defendants' Motion to Dismiss Plaintiff's Complaint** [Doc. # 8, filed 2/1/08] (the "Motion to Dismiss") by defendants Castle, Meinhold & Stawiarski, LLC, and Hannah Naumoff-Dulski. Also before me is the plaintiff's **Response to Defendants' Motion to Dismiss and Cross-Motion for Leave to Re-Serve Defendants . . .** [Doc. #21, filed 3/17/08] (the "Motion for Leave"). I respectfully RECOMMEND that the defendants' Motion be DENIED. I further RECOMMEND that the plaintiff's Motion for Leave be GRANTED.

The plaintiff filed this *pro se* action on January 4, 2008. The defendants assert that the plaintiff has not properly served them, and they seek dismissal of the Complaint. The plaintiff acknowledges that she "may have failed to properly serve" the defendants, and seeks leave to attempt to serve them properly.

Rule 4(m), Fed. R. Civ. P., provides in part:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The plaintiff filed her Complaint on January 4, 2008. The 120 days for service provided in Rule 4(m) had not expired when the defendants filed their Motion to Dismiss on February 1, 2008. The plaintiff is proceeding *pro se*. She has indicated an understanding of the service requirements and has expressed a willingness to attempt proper service. Accordingly,

I respectfully RECOMMEND that Defendants' Motion to Dismiss Plaintiff's Complaint [Doc. # 8] be DENIED.

I further RECOMMEND that the plaintiff's Response to Defendants' Motion to Dismiss and Cross-Motion for Leave to Re-Serve Defendants . . . [Doc. #21] be GRANTED and that the plaintiff be directed to complete service of process on defendants Castle, Meinhold & Stawiarski, LLC, and Hannah Naumoff-Dulski by a date certain.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve

an issue for *de novo* review by the district court or for appellate review. <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated June 27, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge